## No. 6349.

### STATE EX REL. THE ATTORNEY GENERAL AND THOMAS CAREY VS. JOHN BARROW.

The Governor has discretionary power to remove a tax collector, and appoint his successor. In the absence of the Governor from the State the Lieutenant Governor has a similar power.

APPEAL from the Superior District Court, parish of Orleans. *Lynch*, J.

*A. P. Field*, Attorney General, and *Cotton & Levy*, for relator and appellant.

*Charles S. Rice*, for defendant.

The opinion of the court was delivered by

WYLY, J. In this proceeding under the intrusion act for the office of tax collector of the Third District of New Orleans there was judgment for defendant, and plaintiffs appeal.

Thomas P. Carey was appointed to said office on the eighteenth of January, 1876. On the tenth of May defendant was appointed (vice Carey, removed,) by the Lieutenant Governor, acting as Governor in the absence of the Governor from the State.

The question as to the authority of the Governor to remove a tax collector and appoint his successor is no longer an open one. 25 An. 119; 25 An. 396; 26 An. 537.

In the absence of the Governor from the State in this instance the Lieutenant Governor could discharge the duties of the office of Governor. Constitution, article 53.

It is unnecessary to examine the bills of exceptions to the exclusion of evidence at the trial, because if all the testimony, the rejection of which is complained of, were adduced it would not alter the result.

Judgment affirmed.

### ON REHEARING.

The opinion of the court was delivered by

MARR, J. In January, 1876, Thomas Carey was appointed by the Gov-

ernor, by and with the advice and consent of the Senate, tax collector for the parish of Orleans, Third District. In May of the same year John Barrow was appointed by the Lieutenant Governor to the same office, *vice* Thomas Carey, *removed.* The object of this suit is to determine the right to this office.

The relator insists on these propositions:

First—That the power to remove tax collectors, which is vested in the Governor, can and should be subject to judicial control; that the officer can be removed only for cause, and it is competent for the courts to inquire whether or not there was cause for removal.

Second—That in this case the Lieutenant Governor had no right to remove Carey and appoint Barrow.

First—The office of tax collector is created by statute, and the term is two years; but for "refusing or failing to do his duty," as prescribed by the act, the officer "shall be liable to dismissal from office by the Governor." Rev. Stat., sections 1592 and 1593.

This precise question was before this court in Doherty's case, 25 An. 119, and we think it was correctly decided that this statute invests the Governor with discretionary power to determine when the contingency has occurred which authorizes him to dismiss the tax collector, and the appointment of another to the same office, *vice* the late incumbent removed, is the proof of the existence of sufficient cause for removal.

It is urged that this power is subject to abuse; and that is true of all discretionary power. The executive, upon his responsibility, decides in the last resort that cause of removal exists, and under the sanction of his official duty and obligation he exercises the power which the Legislature has chosen to confer upon him, and in the exercise of which he can not be controlled by the judiciary.

The case is different with offices created by the constitution, the incumbents of which can be removed only in the mode prescribed by the constitution.

Second—It is in proof that the Governor was absent at the city of New York, where he remained some four or five weeks. By the constitution, article fifty-three, in case of the absence of the Governor from the State "the powers and duties of the office shall devolve upon the Lieutenant Governor until the absent Governor shall return." The case contemplated by the constitution had occurred, and whatever power could have been exercised by the Governor had he been present, the same could have been lawfully exercised by the Lieutenant Governor in his absence.

Graham's case, 26 An., relied upon by the relator, differs essentially from this. In that case the Governor was at Pass Christian, in the State of Mississippi, but a few hours run from New Orleans. In this case the

·Governor was more than a thousand miles distant, and his absence, instead of being for a few days only as in Graham's case, was for four or five weeks. We express no opinion as to the correctness of that decision; we mean to say merely that it is not applicable to this case.

The decision in Doherty's case has been uniformly adhered to, and we think it rests upon well-established principles.

It is therefore ordered that the decree pronounced in this case by our predecessors be and remain undisturbed.